# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| ALISSA PRICE | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) |
| BROCK & SCOTT, PLLC and | ) |
| CHANNEL GROUP, LLC, | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ALISSA PRICE, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendants, BROCK & SCOTT, PLLC and CHANNEL GROUP, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Durham, North Carolina.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, both Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff to Chase Manhattan Bank and/or Defendant CHANNEL GROUP, LLC (hereinafter "Channel").

6.      On information and belief, Defendant, BROCK & SCOTT, PLLC (hereinafter "Brock & Scott"), is a professional limited liability company of the State of North Carolina. On information and belief, Channel is a limited liability company of the State of North Carolina.

## COUNT I

7.      On or about August 16, 2009, received a letter from Brock and Scott – who was acting as the attorneys and authorized agent of Channel – that was dated August 12, 2009, in regard to the collection of the aforementioned alleged debt.  A copy of the said letter is attached here to as Exhibit 1.

8.      The very next day Plaintiff received a telephone call from a person identifying herself as a representative of Brock & Scott, who informed Plaintiff that Brock & Scott was going to have the sheriff serve her with civil court papers as she had not made payment of the alleged debt.

9.      On or about August 14, 2009, Plaintiff mailed a letter to Brock & Scott requesting validation and verification of the alleged debt pursuant to 15 U.S.C. 1692g.

10.     Brock & Scott did not respond to Plaintiff's letter and instead, on August 21, 2009, Brock & Scott filed a lawsuit against Plaintiff, on behalf of Channel, in the Durham County, North Carolina District Court, in a further attempt to collect the alleged debt.

2

11. In addition, on information and belief, the lawsuit filed by Brock & Scott and Channel against Plaintiff was filed after the expiration of the applicable statute of limitations period.

12. All of the actions of Brock & Scott as outlined above were undertaken in its capacity as the attorneys and authorized agents of Channel.

13. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b);

    c. Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiff notified Defendants in writing within the applicable 30-day period that the debt was disputed, in violation of 15 U.S.C. § 1692g(b); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALISSA PRICE, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
Lynette@LuxenburgLevin.com